### Spence *et al. vs.* Cox.

A widow entitled to dower in certain lands levied on, though not yet assigned, needs no injunction to restrain a creditor of the deceased husband and the sheriff from causing a sale under the execution. She can give notice at the sale of her rights ; purchasers will buy subject thereto, and if they disturb her lawful possession it will be at their peril.

Injunction. Dower. Before Judge WRIGHT. Mitchell county. At Chambers. April 16th, 1880.

Report unnecessary.

BUSH & LYON, by JACKSON & LUMPKIN, for plaintiffs in error.

No appearance for defendant.

CRAWFORD, Justice.

Mrs. Cox filed her bill against Spence and the sheriff of Mitchell county. She alleged that Spence had become possessed, by transfer, of a certain *fi. fa.* against her deceased husband, that it had been compromised or settled in the hands of a former owner. but no entry to that effect made, and that Spence took with notice, and was proceeding to enforce it against certain lands left by her husband at his death ; that she had filed an application for dower in these lands, which was still pending on objections to the return of the commissioners. She charges that if the *fi. fa.* was allowed to proceed, she would be irreparably damaged, and the title to her dower lands clouded. She prayed that

the *fi. fa.* be canceled, and Spence and the sheriff be enjoined from enforcing it.

The answer denied the leading allegations of the bill.

After hearing the bill and answer, and evidence in support of each, the chancellor granted the injunction, and Spence excepted.

This case is controlled by the ruling in *Jackson & Co. vs. Rainey*, September term, 1879, pamphlet p. 94, and in accordance therewith the judgment is reversed.

Judgment reversed.